| | |
|---|---|
| 1 | SANG N. DANG (NO. 214558) |
| | sdang@koslaw.com |
| 2 | VY H. VU (NO. 247086) |
| | Vvu@koslaw.com |
| 3 | **KLEIN, O'NEILL & SINGH, LLP** |
| | 43 Corporate Park |
| 4 | Suite 204 |
| | Irvine, CA  92606 |
| 5 | Telephone:  949-955-1920 |
| | Facsimile:  949-955-1921 |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | PLUSTEK INC. |
| 8 | YUNG MING CHOU (NO. 172118) |
| | chouyung@aol.com |
| 9 | 39111 Paseo Padre Parkway |
| | Suite 207 |
| 10 | Fremont, CA  94538 |
| | Telephone:  510-713-8698 |
| 11 | Facsimile:  510-713-8690 |
| 12 | Attorney for Defendant |
| | SYSCAN, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLUSTEK INC., | Case No. C 07-05718 JL |
| Plaintiff, | |
| vs. | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| SYSCAN, INC. | |
| Defendant. | |

IT IS HEREBY STIPULATED by the undersigned parties, through their respective counsel of record, that this Stipulation and Order for the Protection of Confidential Information ("Protective Order") shall govern the handling of all information, testimony, things or documents filed with the Court or produced or given (either by a party or non-party) as part of discovery in this action. ("Covered Matter"). This Protective Order permits the parties, and non-parties, to designate certain material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (hereinafter collectively referred to as "Confidential Material"). The party or non-party that makes such a designation shall hereinafter be referred to as a "Designating Party."

## DESIGNATION OF DOCUMENTS

1. **CONFIDENTIAL Designation**. A party or non-party may designate as CONFIDENTIAL that portion of any Covered Matter that is or contains, reflects or otherwise discloses a trade secret or other confidential research, development, commercial, marketing, technical, business, financial, personnel, or customer information.

2. **CONFIDENTIAL - ATTORNEYS' EYES ONLY Designation**. A party or non-party may designate as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any material, or portion thereof, that is or contains, reflects or otherwise discloses a trade secret or other confidential research, development, commercial, marketing, technical, business, financial, personnel or customer information which the Designating Party believes in good faith contains highly sensitive information that would provide a significant advantage to third parties or competitors.

3. **Material that may not be Designated CONFIDENTIAL - ATTORNEYS' EYES ONLY**. As a general guideline, the following material may not be designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Protective Order:

(i) information that, to the producing party's knowledge, was or is public knowledge, not in violation of this Protective Order, and (a) not subject to a confidentiality obligation on the part of the producing party, or (b) not part of a trade secret;

      (ii) information that is acquired by the non-Designating Party from a third party having the right to disclose such information or material, and (a) not subject to a confidentiality obligation on the part of the producing party, or (b) not part of a trade secret; or

      (iii) information that was lawfully possessed by the non-Designating Party prior to entry by the Court of this Protective Order, and (a) not subject to a confidentiality obligation on the part of the producing party, or (b) not part of a trade secret.

## **LIMITATIONS ON USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL**

  4. **Designation and Marking Confidential Material**.  Parties, non-parties, and their counsel shall designate CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY material as follows:

    a. In the case of documents that are produced as part of discovery or are responsive to any discovery request or subpoena, which includes, but is not limited to, responses to interrogatories, requests for production of documents, and requests for admission and any attachments or exhibits to any of the foregoing documents referenced in this provision, or through any disclosure process governed by statute or local court rule, or through an informal exchange of information, such documents shall be stamped or otherwise labeled on each page that is so designated: CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.

    b. In the case of depositions, parties or non-parties may designate an entire transcript or portions of the transcript (including exhibits) as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY during the deposition by making a statement to that effect on the record.  The court reporter shall mark the portion of the transcript containing Confidential Material as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.  Alternatively, within thirty (30) days after receipt of any deposition transcript, any party or non-party whose Confidential Material was disclosed during the deposition may so designate the appropriate pages of the transcript and serve notice of the designation on counsel of record.  For the first thirty (30) days after receipt of any deposition transcript, the deposition transcript, including exhibits, shall be automatically deemed CONFIDENTIAL - ATTORNEYS' EYES ONLY.  After the expiration of the thirty (30) day period, if no party or non-party whose

Confidential Material was disclosed has timely designated any material, then such undesignated transcript and/or exhibits may be disclosed without restriction. Transcript pages designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY must be separately bound by the court reporter, who must affix to the top of each such page the legend CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, as instructed by the Designating Party.

5. **Exclusion of Persons from Deposition**. During any deposition taken in the Covered Matter at which Confidential Material is disclosed or discussed, any party or non-party may exclude from attendance at the deposition during such disclosure or discussion any person other than the deponent, court reporter, videographer and persons to whom the information and/or documents may be disclosed under the terms of this Protective Order.

6. **Challenging Designation of Materials as Confidential**. No party shall be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge. If at any time any party disagrees with a designation of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, that party shall serve by fax and mail on the Designating Party, with copies to all counsel of record in the Covered Matter, a notice of objection, which shall identify with particularity the item as to which the designation is challenged and propose a new designation for each such item. If the Designating Party fails to redesignate the material within ten (10) business days of fax service and after a good faith meet and confer, the objecting party may file and serve a motion for an order of the Court redesignating the material. The Designating Party shall have the burden of showing why the Designated Material warrants protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The original designation shall remain effective until three business days after entry of an order redesignating the materials and during any appeal of such order.

7. **Use of Confidential Material**. Each party and all persons bound by the terms of this Protective Order shall use any Confidential Material only in connection with the prosecution or defense of the Covered Matter, except by written consent of the Designating Party

or by order of the Court. CONFIDENTIAL and/or CONFIDENTIAL - ATTORNEYS' EYES ONLY information and/or documents may be disclosed or released only to those persons entitled to receive such information and/or documents under this Protective Order.

8. **Inadvertent Misdesignation**. Documents will be treated in accordance with their designation under this Protective Order. If a party or non-party discovers that it has inadvertently failed to properly designate material as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, such party or non-party may promptly designate the material as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY as applicable.

9. **Consultations with Counsel Concerning Another Party's or a Non-Party's Confidential Material**. It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of Confidential Material received by the party, provided that such rendering of advice and opinions shall not reveal the content of material to which the recipient of advice or opinions is not otherwise entitled, except by prior written agreement with counsel for the Designating Party.

10. **Use of CONFIDENTIAL - ATTORNEYS' EYES ONLY Material**. Information designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY may be disclosed only to the following persons:

    a. The outside attorneys of record which represent any party in the Covered Matter, and any paralegal, stenographic, and clerical employees working under the direct supervision of such attorneys, provided, however, that (1) no attorney, stenographer, or clerical employee has ever been an employee of a party; and (2) no person who is a party or a director, officer, managing agent, or other employee of a party may be retained as a paralegal, stenographic, or clerical employee within the meaning of this paragraph.

    b. Experts (including consultants and investigators) retained by any party or counsel to any party to assist in the Covered Matter, but only to the extent necessary to perform such work and provided that such experts, consultants, or investigators have never been and are not employees of a party and that paragraphs 12(a) and 13 are complied with;

    c. Personnel of third party vendors engaged by a party or by counsel

for a party to assist counsel in (i) the copying, coding, imaging or other management of documents produced in discovery in this litigation or of associated databases; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; (iii) jury research and analysis, provided that such personnel of third party vendors have never been and are not employees of a party; and

        d.     The Court, Court personnel, court reporters and videographers in connection with the Covered Matter.

        e.     Notwithstanding any provision of this Protective Order, any attorney or technical advisor for or representing Plaintiff or Defendant in this action who obtains, receives, has access to, or otherwise learns, in whole or in part, technical information designated ATTORNEYS' EYES ONLY under this Protective Order shall not prepare, prosecute, supervise, consult, or assist in the prosecution of any patent application relating to the subject matter of this lawsuit within two (2) years from disclosure of the technical information or one (1) year after conclusion of the litigation, including any appeals, whichever period is longer. To ensure compliance with the purpose of this provision, Plaintiff and Defendant shall create an ethical wall between those persons with access to technical information designated ATTORNEYS' EYES ONLY by the other party and those individuals who prepare, prosecute, supervise, consult, or assist in the prosecution of any patent application relating to the subject matter of this lawsuit.

        f.     Notwithstanding any provision of this Protective Order, information designated ATTORNEYS' EYES ONLY shall not be given or provided to (1) any owner, officer, or employee of Syscan, Inc. or any of its related entities, (2) any owner, officer, or employee of Shenzhen Syscan Technology Co. Limited or any of its related entities, and (3) any owner, officer, or employee of Plustek Inc. and Futurewell Holding Limited and any of their related entities.

11. **Use of Confidential Materials**. Information designated as CONFIDENTIAL may be disclosed only to the following persons:

        a.     The persons identified in paragraph 10 of this Protective Order; and

        b.     Those persons employed by each party, assisting with the

preparation of this case for trial, but only to the extent necessary to perform such assistance, and provided that such employees comply with paragraphs 12 and 13 of this Protective Order. Prior to receiving the disclosure of any CONFIDENTIAL information and/or document the employees identified in this paragraph must sign a copy of the ACKNOWLEDGEMENT attached to this Protective Order indicating that they have read and agree to be bound by the terms of this Protective Order.

12. **Clearance of Experts, Consultants and Translators to Receive Confidential Materials**.

a. <u>Experts and Consultants</u>. For each expert (including consultants and investigators) to whom any party desires to disclose CONFIDENTIAL and/or CONFIDENTIAL - ATTORNEYS' EYES ONLY information and/or documents, such party must first identify in a writing served by fax on the attorneys for the Designating Party (which includes third parties whose Confidential Material has been produced) the following information: the expert's full name, professional address, educational background, all present employment and non-confidential consultancies, all prior employment and non-confidential consultancies within the last four years, and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years.

(i) Counsel for the Designating Party shall have ten (10) business days from receipt of fax service of such notice to object to disclosure of such CONFIDENTIAL and/or CONFIDENTIAL - ATTORNEYS' EYES ONLY information and/or documents to such expert. Any and all such objections must be made in writing with all grounds stated with specificity. The parties acknowledge that the Designating Party may object to disclosure on the ground that an expert has not disclosed his or her confidential consultancies, but no party concedes that an objection on this ground amounts to good cause to object to disclosure of CONFIDENTIAL and/or CONFIDENTIAL -ATTORNEYS' EYES ONLY information and/or documents to such expert. The parties shall attempt to resolve such objections informally. If any objection cannot be resolved, the party seeking to disclose the CONFIDENTIAL and/or CONFIDENTIAL - ATTORNEYS' EYES ONLY information and/or documents to the expert

may move the Court for an order allowing the disclosure. In the event that an objection is made and not resolved between and among the parties, disclosure of the CONFIDENTIAL and/or CONFIDENTIAL - ATTORNEYS' EYES ONLY information and/or documents shall not be made except by order of the Court (or to any limited extent upon which the parties may agree).

        (ii)    Each expert or consultant must sign a copy of the ACKNOWLEDGEMENT attached to this Protective Order indicating that she or he has read and agrees to be bound by the terms of this Protective Order.

      b.    <u>Translators</u>. Documents designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed to any person retained to provide translations of Confidential Material, provided that any such person has signed a copy of the ACKNOWLEDGEMENT. Before disclosing any Confidential Material to a translator, counsel shall serve by fax on the other parties a copy of a resume or curriculum vitae of the translator. The notified parties shall have five (5) business days from receipt of service by fax of the notice to deliver to the notifying party written objections, if any, setting forth in detail the reasons therefore. Upon timely objection, disclosure of Confidential Material to the translator shall not be made, subject to a successful motion for relief brought by the party seeking disclosure. Absent timely objection, the translator shall be deemed approved. In the event that a disclosed and approved translator is not available to attend a deposition, the parties can waive the five (5) business day waiting period by written agreement.

13. **Records of Persons with Access to Confidential Materials and Use Limits**.

      a.    The persons described in paragraphs 11(b) and 12 shall be allowed access to the Confidential Material only after they have read this Protective Order and signed a copy of the attached ACKNOWLEDGEMENT. The undersigned counsel shall maintain a list of persons to whom Confidential Material is disclosed, and such list shall be available for inspection by the Court. Any party or non party whose Confidential Material has been disclosed may move the Court for an order requiring disclosure of the lists and executed ACKNOWLEDGEMENTS prior to the termination of this action for good cause shown.

        b.     The persons receiving Confidential Material are enjoined from disclosing it to any other person, except as permitted by this Protective Order, and are further enjoined from using such material for any purpose other than the prosecution or defense of the Covered Matter, except by written consent of the Designating Party or by order of the Court.

    14.    **Submission to Court's Jurisdiction**. Each individual who receives any Confidential Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to performance under, compliance with, or violation of this Protective Order.

    15.    **Filing Documents Under Seal**.

        a.     <u>Applicability</u>. When this Order, a statute, a federal or local rule or any other order of the Court permits documents or other things to be filed under seal, the procedures set forth in this paragraph 15 and in Local Rule 79-5 shall apply.

        b.     <u>Lodging Matter With Request To File Under Seal</u>. No document shall be filed under seal except pursuant to a Court order that authorizes the sealing of the particular document or portion thereof and is narrowly tailored to seal only that material for which good cause to seal has been established.

        c.     <u>Format</u>. Documents lodged with the Court must be contained in an 8 1/2 inch by 11 inch sealed envelope or other suitable container. The party must affix a cover sheet to the envelope or container, which must:

        (i)     set out the information required by Civil Local Rule 3-4(a) and (b);

        (ii)    set forth the name, address and telephone number of the submitting party;

        (iii)   if filed pursuant to a previous Court order, state the date and name of the Judge ordering the matter filed under seal and attach a copy of the order; if filed pursuant to statute or rule, state the authorizing statute or rule and good cause for filing the submitted matter under seal; and

        (iv)    prominently display the notation: "DOCUMENT FILED

1 UNDER SEAL." When permitted by the Court order, the notation may also include: "NOT TO
2 APPEAR ON THE PUBLIC DOCKET."

3                 d.      <u>Motion To File Under Seal</u>.

4                         (i)      Except as set forth in 15(d)(ii) below, counsel seeking to file
5 Confidential Material under seal, which is not authorized by statute or rule to be so filed, may file
6 an ex parte motion in accordance with this Court's Civil Local Rules and lodge the document or
7 thing with the Clerk in a manner which conforms with paragraph 15(c) above. If, pursuant to
8 referral by the Clerk or motion of a party, the Court orders that a lodged document be filed under
9 seal, the Clerk shall file the lodged document under seal. Documents may not be filed under seal
10 solely based upon this Protective Order. Each particular document or portion thereof that a party
11 wishes to file under seal must be submitted to the assigned Judge with a narrowly tailored
12 proposed order. The Court will only entertain requests to seal that establish good cause and are
13 narrowly tailored to seal only the particular information that is genuinely privileged or protectable
14 as trade secret or otherwise has a compelling need for confidentiality. Counsel should not attempt
15 to seal entire pleadings or memoranda required to be filed pursuant to the Federal Rules of Civil
16 Procedures or the Court's Civil Local Rules.

17                         (ii)     If a pleading, memorandum of points and authorities,
18 affidavit or declaration contains or discloses Confidential Material pursuant to this Protective
19 Order, the party wishing to file the Confidential Material must give written notice to the
20 Designating Party that the records will be placed in the public file unless within ten (10) business
21 days (as used in this Stipulated Protective Order, "business days" refers to calendar days
22 excluding weekends and Federal holidays) of receipt of written notice, the Designating Party files
23 a motion for a sealing order in compliance with section 15(d)(i) above and the provisions of Civil
24 Local Rule 79-5. If the Designating Party does not file a motion to seal within ten (10) business
25 days (unless extended by stipulation or by Court order), the Designating Party shall be deemed to
26 have consented to the public filing of the Confidential Material, and the Clerk shall remove the
27 originals from the envelope labeled "DOCUMENT FILED UNDER SEAL" and shall file the
28 complete pleading, memorandum of points and authorities, affidavit or declaration in the public

file. If the Designating Party files a motion to seal within ten (10) business days (or longer pursuant to stipulation or Court order), the originals shall remain conditionally under seal until the Court rules on the motion, and thereafter shall be filed in the manner directed by the Court.

    e. <u>Effect of Seal</u>. Unless otherwise ordered by the Court, any Confidential Material filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action during the pendency of the case. Once this case is closed, any Confidential Material filed under seal in a case shall be open to public inspection without further action by the Court ten (10) years from the date the case is transmitted to the National Archives and Records Administration or other Court-designated depository. However, a party that submitted Confidential Material which the Court placed under seal in a case may, upon a showing of good cause at the conclusion of the case, seek an order which would continue the seal until a specific date beyond the 10 years provided by this rule. Nothing in this paragraph is intended to affect the normal records destruction policy of the United States Courts.

    f. In the event any material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is used in any hearing or other Court proceeding, the party proffering the material, or the Designating Party of the material, may request that the Court close the courtroom, but the decision of whether to do so rests with the judge presiding at the hearing or proceeding. In the event that any Confidential Material is used in any Court pre-trial proceeding in the Covered Matter (including, but not limited to, conferences, oral arguments or hearings), the Confidential Material shall not lose its status as Confidential Material through such use.

  16. **Use of Confidential Material at Trial**. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

  17. **Protecting Confidential Material**. Any person who receives any Confidential Material shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such material.

18. **Improper Disclosure of Confidential Materials**. If any Confidential Material is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

19. **Non-Restricted Uses of Confidential Material**. Nothing in this Protective Order shall preclude a party or its attorneys from:

    a. Showing a document designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY to an individual identified by the document or by sworn testimony as having prepared, received or reviewed the document prior to the filing of the action in which it was produced or prior to the document being so designated;

    b. Showing a document produced in discovery by a Designating Party to a current director, officer, managing agent or employee of the Designating Party during the questioning of such person in a deposition, hearing or trial in this litigation or in any related lawsuit between the parties to the Covered Matter;

    c. Using or disclosing, in any otherwise legal manner or for any otherwise legal purpose, any information or documents obtained other than through discovery in the Covered Matter, even though the same information or documents may have been produced in discovery in this litigation and designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY; or

    d. Disclosing or using for any purpose any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.

20. **Non-Party Production Under This Protective Order**. Non-parties may disclose Confidential Material pursuant to the terms of this Protective Order by executing the

KLEIN, O'NEILL & SINGH, LLP

PROTECTIVE ORDER                      11                      CASE NO. C07-05718 JL

1 attached ACKNOWLEDGMENT. Once a non-party has executed the ACKNOWLEDGMENT, such non-party shall be entitled to the remedies and relief provided by this Protective Order.

21. **Third Parties**.

    a. <u>Third Party Confidentiality</u>. Where a discovery request, subpoena or deposition question calls for otherwise discoverable information that is subject to an obligation of confidentiality owed to another, the person to whom the discovery request, subpoena or deposition question is directed shall promptly, and in no event later than ten (10) business days after determining that a specific item of discoverable information is subject to an obligation of confidentiality owed to another:

        (i) identify to the party seeking the information the name and address of each person whose confidentiality interests are implicated by the discovery request, subpoena or deposition question, or, if the identity of the third party itself is confidential, the existence of third party confidentiality obligations, and

        (ii) provide to each such person whose confidentiality interests are implicated:

            (a) notice of such discovery request, subpoena or question seeking disclosure of materials or information held under obligations of confidentiality; and

            (b) a copy of this Protective Order.

The party or third party to whom the discovery request, document or deposition subpoena, or deposition question has been directed shall produce responsive information (or in the case of a deposition question, answer the deposition question) if the party whose confidentiality interests are implicated does not object in writing to counsel for the requesting party within fifteen (15) business days of being notified of the request, or, if the party whose confidentiality interests are implicated wishes to see a copy of the confidential information, within fifteen (15) business days of receipt of such information by the party whose confidentiality interests are implicated. Once such an objection is made, there shall be no disclosure of the confidential information to which the objection is made unless the objection is withdrawn or by

order of the Court. The requesting party may move the court for an order requiring disclosure of the confidential information.

          b.    <u>Requests From Third Parties</u>. In the event any party having possession, custody or control of any Confidential Material receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such party shall immediately notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order in a reasonable amount of time such that the Designating Party may take the necessary steps to quash or otherwise object to the subpoena, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose interests may be affected. The Designating Party asserting the "CONFIDENTIAL" or CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation shall have the burden of defending against such subpoena, process or order. The party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Designating Party asserting the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation has promptly notified the party receiving the subpoena or other process or order of its intent to take immediate legal action to quash the subpoena, in which case the party shall not produce such documents while such legal proceedings are pending or where the Designating Party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

        22.    **Disposition of Confidential Material After Trial**. Unless otherwise agreed to by the parties or by order of the Court, within sixty (60) days of the final resolution of the Covered Matter and of any and all final appeals of such actions, all Confidential Material, and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed. However, counsel of record for the parties may continue to maintain for their files a copy of any motion, brief, affidavit, expert or consultant report, discovery response, deposition transcript, exhibit or hearing transcript and/or memoranda, which contains Confidential Material within the document or as an exhibit thereto. Counsel for the parties shall certify in writing that they have complied with this paragraph.

23. **Objections to Discovery Not Covered**. This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude any party from seeking further relief or protective orders-from the Court as may be appropriate under the Federal Rules of Civil Procedure.

24. **Survival**. Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of the Covered Matter.

25. **Modification of Protective Order**. This Protective-Order is without prejudice to the right of any party or non-party to seek relief from the Court, upon good cause shown, from any of the provisions hereof. Prior to seeking such relief from the Court, the parties shall meet and confer in good faith in an effort to informally resolve any disputes relating to modification. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties and/or by order of this Court.

26. **No Contract**. This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

## AGREEMENT TO NEGOTIATE ADDITIONAL PROVISIONS REGARDING SOURCE CODE, IF SOURCE CODE IS TO BE PRODUCED

27. The parties recognize that the confidentiality and limitations of access to computer source code is particularly sensitive. At present, the parties have not determined whether disclosure of computer source code will be necessary in this case. In the event that one or more parties determines, sufficiently in advance of the Court's fact discovery cut-off in this case, that disclosure of computer source code is necessary in this case, the parties agree to work together to determine a process that is acceptable to both parties and that adequately protects the computer source code to be produced.

DATED: April 16, 2009         **KLEIN, O'NEILL & SINGH, LLP**

By /s/ Sang N. Dang
    Sang N. Dang
    Attorneys for Plaintiff
    PLUSTEK INC.

DATED: April 14, 2009         YUNG MING CHOU

By /s/ Yung-Ming Chou
    Yung Ming Chou
    Attorneys for Defendant
    SYSCAN, INC.

IT IS SO ORDERED.

DATED: May 8, 2009

_____
HONORABLE JAMES LARSON
United States Chief Magistrate Judge

PROTECTIVE ORDER                15                CASE NO. C07-05718 JL

# **EXHIBIT A**

# **ACKNOWLEDGEMENT**

I, _____, [Full Name] declare:

1. I reside at _____, [Street Address] _____ [City, State, Postal Code]

2. I am employed by _____ [Employer] located at _____, [Street Address] _____ [City, State, Postal Code], as _____. [Position or Title]

3. I have read and understand the provisions of the attached Stipulation and Order for Protection of Confidential Information ("Protective Order") entered by the Court on _____, 2009 in the case of *Plustek Inc. v. Syscan, Inc.*, Case No. C07-5718 JL with respect to the non-disclosure of CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS' EYES ONLY information and/or documents, and I agree to abide by and be bound by its items.

4. I hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the limited purpose of enforcing said Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

5. I declare under penalty of perjury that the foregoing is true and correct and that this Acknowledgement was executed this _____ day of _____, 200_.

By: _____